## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**Case No.:**

WILLIAM J. RAYMOND,

    **Plaintiff,**

                                            **COMPLAINT**

v.

EQUIFAX INFORMATION SERVICES LLC, TRANS UNION LLC, NAVY FEDERAL CREDIT UNION, AIR FORCE FEDERAL CREDIT UNION, FLORIDA CREDIT UNION, AND S & S RECOVERY INC,

                                      **DEMAND FOR JURY TRIAL**

    **Defendants.**

_____/

## <u>COMPLAINT</u>

Plaintiff, William J. Raymond ("Plaintiff"), by and through counsel, files this Complaint against Defendant Equifax Information Services LLC, ("Defendant Equifax" or "Equifax"), Defendant Trans Union LLC, ("Defendant Trans Union" or "Trans Union"), Defendant Navy Federal Credit Union, ("Defendant Navy Federal" or "Navy Federal"), Defendant Air Force Federal Credit Union, ("Defendant Air Force Federal" or "Air Force Federal"), Defendant Florida Credit Union, ("Defendant Florida Credit" or "Florida Credit"), and Defendant S & S Recovery Inc, ("Defendant S & S Recovery" or "S & S Recovery"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.     Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

## DEMAND FOR JURY TRIAL

3.     Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## PARTIES

4.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in Polk County, Florida.

5.     Defendant Equifax is a Georgia limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Equifax is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6.     Defendant Trans Union is a Delaware limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Trans Union is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

7.     Defendant Navy Federal Credit Union is a global credit union whose headquarters is located at 820 Follin Lane SE, Vienna, Virginia, 22180.

8.     Defendant Air Force Federal Credit Union is a global credit union whose headquarters is located at 1560 Cable Ranch Road, Suite 200, San Antonio, Texas 78245.

9.     Defendant Florida Credit Union is a credit union whose registered agent in Florida is Mark Starr, 1615 NW 80 Boulevard, Gainesville, Florida 32606.

10.     Defendant S & S Recovery is a Tennessee debt collector whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

## <u>GENERAL ALLEGATIONS</u>

11.     This action involves derogatory and inaccurate reporting of alleged Consumer Debts (the "Consumer Debts") by Navy Federal, Air Force Federal, Florida Credit, and S & S Recovery to the Credit Reporting Agencies, Equifax Information Services LLC and Trans Union LLC.

12.     In December 2022, Plaintiff discovered that his identity had been stolen and an unknown individual or individuals had opened unauthorized and fraudulent accounts using his name and personal identification information.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

13.     Since his discovery, Plaintiff has repeatedly pulled his credit reports from Equifax and Trans Union. He has also repeatedly disputed fraudulent accounts that have appeared on his reports.

14.     On or about January 2, 2024, Plaintiff filed an Identity Theft Report with the Federal Trade Commission.

15.     On or around March 2023, Plaintiff requested a copy of his credit report from Defendant Equifax. The report listed two fraudulent accounts that were opened in his name.

16.     The Fraudulent Accounts on his Equifax Report are two Florida Credit Accounts with unpaid balances of $196 and $9,411.

17.     On or around March 2023, Plaintiff submitted a dispute to Defendant Equifax requesting that Equifax remove the Accounts because they were fraudulently opened in his name and did not belong to him.

18.     On or around March 2023, Defendant Equifax verified the Accounts as accurate despite receiving evidence from Plaintiff that the accounts were fraudulent.

19.     Plaintiff was denied lines of credit and loans due to the fraudulent and delinquent Accounts being reported by Defendant Equifax and furnished by Defendant Florida Credit.

20.     As of the filing of this complaint, Defendant Equifax is still reporting the Accounts on Plaintiff's credit report.

21.     On or around April 2023, Plaintiff requested a copy of his credit report from Defendant Trans Union. The report listed three fraudulent accounts that were opened in his name.

22.     The Fraudulent Accounts on his Trans Union Report are a Navy Federal Account that was charged off, an Air Force Federal Account with an unpaid balance of $160, and a S & S Recovery Account with an unpaid balance of $2,487, whose original creditor was Arizona State University.

23.     On or around April 2023, Plaintiff submitted a dispute to Defendant Trans Union requesting that Trans Union remove the Accounts because they were fraudulently opened in his name and did not belong to him.

24.     On or around April 2023, Defendant Trans Union verified the Accounts as accurate despite receiving evidence from Plaintiff that the accounts were fraudulent.

25.     Plaintiff was denied lines of credit and loans due to the fraudulent and delinquent Accounts being reported by Defendant Trans Union and furnished by Defendant Navy Federal, Defendant Air Force Federal and Defendant S & S Recovery.

26.     As of the filing of this complaint, Defendant Trans Union is still reporting the Accounts on Plaintiff's credit report.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant Equifax)

27.     Plaintiff incorporates by reference paragraphs ¶¶ 1-5 and 11-20 of this Complaint.

28.     Defendant Equifax prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Accounts with Defendant Equifax and continues to include the same information concerning inaccurate and derogatory reporting of the Accounts with Defendant Equifax, a consumer reporting agency.

29.     In or around early December of 2022, Plaintiff checked his credit report and noticed that there were fraudulent accounts being reported by Defendant Equifax. Therefore, in or around March of 2023, Plaintiff disputed this inaccurate and derogatory information to Equifax.

30.     Defendant Florida Credit verified the fraudulent accounts. Despite Equifax having been put on notice of the fraudulent and inaccurate reporting, Equifax did not remove the Accounts from Plaintiff's Equifax credit report.

31.     As of the filing of this complaint, Defendant Florida Credit's derogatory and inaccurate information is still listed on Plaintiff's Equifax credit report.

32.     Equifax is engaged in the business of credit reporting and is commonly

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

referred to as a "Credit Bureau." Defendant Equifax regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

33.     Equifax is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

34.     Despite Defendant Equifax having received Plaintiff's disputes of the Accounts, Equifax continues to report the Accounts as in collections for unpaid balances to Florida Credit.

35.     Continuing to report the status of the Accounts in this fashion is significant.

36.     By continuing to report the status of the Accounts in this fashion, lenders believe Plaintiff has had recent, major delinquencies negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

37.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

38.     Equifax failed to conduct a reasonable investigation and reinvestigation.

39.     Equifax failed to review and consider all relevant information

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

submitted by Plaintiff.

40.    Equifax failed to conduct an independent investigation and, instead, deferred to Florida Credit, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's first dispute.

41.    Equifax possessed evidence that the information was inaccurate as described by Plaintiff in the Disputes; however, Equifax failed to correct the information.

42.    Equifax's reporting of inaccurate information about the Accounts, which is the subject of the Disputes, despite evidence that said information is inaccurate demonstrates Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

43.    Equifax did not conduct any independent investigation after it received Plaintiff's disputes and, instead, chose to parrot the information it received from Defendant Florida Credit despite being in possession of evidence that the information was inaccurate.

44.    Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

45.    Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

46.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

47.     Equifax failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Equifax credit report.

48.     Equifax's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

49.     Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure  to follow reasonable procedures to assure the maximum possible accuracy of the information  reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly  and adequately investigate information which Equifax had notice was inaccurate; [e] the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

50.    The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

51.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

52.    The appearance of the Accounts on Plaintiff's credit report, namely, the Accounts identified by Plaintiff in Plaintiff's disputes to Equifax, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

53.    As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

embarrassment of credit denial.

54.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3]  statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant Equifax)

55.     Plaintiff incorporates by reference paragraphs ¶¶ 1-5, 11-20, and 27-54 above of this Complaint.

56.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

57.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Information.

58.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

59.     Additionally, Equifax negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

60.     Equifax has negligently failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow  reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request  by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the  information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the  accuracy of the information; [g] the failure to promptly delete information that was found to be  inaccurate, or could not be verified, or that the source of information had advised Equifax to  delete; and [h] the failure to take adequate steps to verify information Equifax had reason to  believe

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

was inaccurate before including it in the credit report of the consumer.

61.     The conduct, action, and inaction, of Equifax was negligent, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

62.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

63.     As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

64.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## <u>WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>
(Against Defendant Trans Union)

65.     Plaintiff incorporates by reference paragraphs ¶¶ 1-4, 6, 11-14, and 21-26 of this Complaint.

66.     Defendant Trans Union prepared and issued consumer credit reports

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

concerning Plaintiff which previously included inaccurate and derogatory reporting of the Accounts with Defendant Trans Union and continues to include the same information concerning inaccurate and derogatory reporting of the Accounts.

67.     In or around December of 2022, Plaintiff checked his credit report and noticed that there were inaccurate reports from Defendant Trans Union. Therefore, in or around April of 2023, Plaintiff disputed this inaccurate and derogatory information to Trans Union.

68.     Defendants Navy Federal, Air Force Federal, and S & S Recovery verified the fraudulent accounts. Despite Trans Union having been put on notice of the fraudulent and inaccurate reporting, Trans Union did not remove the Accounts from Plaintiff's Trans Union credit report.

69.     As of the filing of this complaint, Defendants Navy Federal, Air Force Federal, and S & S Recovery's derogatory and inaccurate information is still listed on Plaintiff's Trans Union credit report.

70.     Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Trans Union regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

71.     Trans Union is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

to third parties.

72.     Despite Defendant Trans Union having received Plaintiff's disputes of the Accounts, Trans Union continues to report the Accounts as in collections for unpaid balances to Navy Federal, Air Force Federal, and S & S Recovery.

73.     Continuing to report the status of the Accounts in this fashion is significant.

74.     By continuing to report the status of the Accounts in this fashion, lenders believe Plaintiff has had recent, major delinquencies negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

75.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

76.     Trans Union failed to conduct a reasonable investigation and reinvestigation.

77.     Trans Union failed to review and consider all relevant information submitted by Plaintiff.

78.     Trans Union failed to conduct an independent investigation and, instead, deferred to Navy Federal, Air Force Federal, and S & S Recovery, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's first dispute.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

79.    Trans Union possessed evidence that the information was inaccurate as described by Plaintiff in the Disputes; however, Trans Union failed to correct the information.

80.    Trans Union's reporting of inaccurate information about the Accounts, which is the subject of the Disputes, despite evidence that said information is inaccurate demonstrates Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

81.    Trans Union did not conduct any independent investigation after it received Plaintiff's disputes and, instead, chose to parrot the information it received from Defendants Navy Federal, Air Force Federal, and S & S Recovery despite being in possession of evidence that the information was inaccurate.

82.    Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

83.    Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

84.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiff.

85.    Trans Union failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Trans Union credit report.

86.    Trans Union's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

87.    Trans Union has willfully and recklessly failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure  to follow reasonable procedures to assure the maximum possible accuracy of the information  reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and  adequately  investigate  information  which  Trans  Union  had  notice  was inaccurate; [e] the  continual placement of inaccurate information into the credit report  of  Plaintiff  after  being  advised   by  Plaintiff  that  the  information  was inaccurate; [f] the failure to note in the credit report that  Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information  that was

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

88.     The conduct, action and inaction of Trans Union was willful, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

89.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

90.     The appearance of the Accounts on Plaintiff's credit report, namely, the Accounts identified by Plaintiff in Plaintiff's disputes to Trans Union, was the direct and proximate result of Trans Union's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

91.     As a result of the conduct, action, and inaction, of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

92.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Trans Union)

93.     Plaintiff incorporates by reference paragraphs ¶¶ 1-4, 6, 11-14, 21-26, and 65-92 above of this Complaint.

94.     On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

95.     On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

96.     On at least one occasion within the past year, by example only and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

97.    Additionally, Trans Union negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

98.    Trans Union has negligently failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow  reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request  by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately  investigate information which Trans Union had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the  information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the  accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to  delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to  believe was inaccurate before including it in the credit report of the consumer.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

99.    The conduct, action, and inaction, of Trans Union was negligent, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

100.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

101.    As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

102.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 5
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant Navy Federal)

103.    Plaintiff incorporates the allegations regarding the Accounts and Defendant Navy Federal in paragraphs ¶¶ 1-4, 7, 11-14, and 21-26 by reference of this Complaint.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

104.   Defendant Navy Federal is a federal credit union.

105.   In or about December of 2023, Plaintiff checked his credit report and noticed that there was an inaccurate and fraudulent reporting from Defendant Navy Federal.

106.   In or about April of 2023, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendant Trans Union by Defendant Navy Federal.

107.   In response to the Dispute, Defendant Trans Union promptly and properly gave notice to Defendant Navy Federal of the Dispute in accordance with the FCRA.

108.   As of the filing of this complaint, the debt has continued to be verified by Defendant Navy Federal.

109.   Defendant Navy Federal is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

110.   On a date better known by Defendant Navy Federal, Defendant Trans Union promptly and properly gave notice to Defendant Navy Federal of Plaintiff's Dispute in accordance with the FCRA.

111.   In response to the notice received from Defendant Trans Union

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

regarding Plaintiff's Dispute, Defendant Navy Federal did not and otherwise failed to conduct a reasonable investigation into the Navy Federal Account which is the subject of the Dispute.

112.   In response to receiving notice from Defendant Trans Union regarding Plaintiff's Dispute, Defendant Navy Federal failed to correct and/or delete information it knew to be inaccurate and fraudulent and/or which Defendant Trans Union could not otherwise verify.

113.   Instead of conducting a reasonable investigation, Defendant Navy Federal erroneously validated the Accounts and continued to report inaccurate and fraudulent information to Defendant Trans Union.

114.   On at least one occasion within the past year, by example only and without limitation, Defendant Navy Federal violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

115.   On at least one occasion within the past year, by example only and without limitation, Defendant Navy Federal violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Trans Union.

116.   On at least one occasion within the past year, by example only and without limitation, Defendant Navy Federal violated 15 U.S.C. § 1681s-2(b)(1)(E)

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

by failing to delete or inform Defendant Trans Union about the inaccurate information.

117.   Upon information and belief, Defendant Navy Federal was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

118.   Defendant Navy Federal's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Dispute.

119.   As a direct and proximate result of Defendant Navy Federal's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

120.   Defendant Navy Federal's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

121.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

judgment against Defendant Navy Federal, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 6
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Navy Federal)

122.   Plaintiff incorporates the allegations regarding the Accounts and Defendant Navy Federal in paragraphs ¶¶ 1-4, 7, 11-14, 21-26, and 103-121 by reference of this Complaint.

123.   On at least one occasion within the past year, by example only and without limitation, Defendant Navy Federal violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

124.   On one or more occasions within the past year, by example only and without limitation, Defendant Navy Federal violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

125.   On one or more occasions within the past year, by example only and without limitation, Defendant Navy Federal violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

126. When Defendant Navy Federal received notice of Plaintiff's dispute from Defendant Trans Union, Defendant Navy Federal could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

127. Defendant Navy Federal would have discovered that the information it was reporting about Plaintiff was inaccurate and the Account was fraudulent if Defendant Navy Federal had reviewed its own systems and previous communications with the Plaintiff.

128. Defendant Navy Federal's investigation was per se deficient by reason of these failures in Defendant Navy Federal's investigation of Plaintiff's Dispute.

129. As a direct and proximate result of Defendant Navy Federal's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

130. Defendant Navy Federal's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

131.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Navy Federal awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 7
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Air Force Federal)

132.    Plaintiff incorporates the allegations regarding the Accounts and Defendant Air Force Federal in paragraphs ¶¶ 1-4, 8, 11-14, and 21-26 by reference of this Complaint.

133.    Defendant Air Force Federal is a credit union.

134.    In or about December of 2022, Plaintiff checked his credit report and noticed that there was an inaccurate and fraudulent reporting from Defendant Air Force Federal.

135.    In or about April of 2023, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendant Trans Union by Defendant Air Force Federal.

136.    In response to the Dispute, Defendant Trans Union promptly and properly gave notice to Defendant Air Force Federal of the Dispute in accordance

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

with the FCRA.

137. As of the filing of this complaint, the debt has continued to be verified by Defendant Air Force Federal.

138. Defendant Air Force Federal is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

139. On a date better known by Defendant Air Force Federal, Defendant Trans Union promptly and properly gave notice to Defendant Air Force Federal of Plaintiff's Dispute in accordance with the FCRA.

140. In response to the notices received from Defendant Trans Union regarding Plaintiff's Dispute, Defendant Air Force Federal did not and otherwise failed to conduct a reasonable investigation into the Air Force Federal Account which is the subject of the Dispute.

141. In response to receiving notice from Defendant Trans Union regarding Plaintiff's Dispute, Defendant Air Force Federal failed to correct and/or delete information it knew to be inaccurate and fraudulent and/or which Defendant Trans Union could not otherwise verify.

142. Instead of conducting a reasonable investigation, Defendant Air Force Federal erroneously validated the Account and continued to report inaccurate and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

fraudulent information to Defendant Trans Union.

143.   On at least one occasion within the past year, by example only and without limitation, Defendant Air Force Federal violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

144.   On at least one occasion within the past year, by example only and without limitation, Defendant Air Force Federal violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Trans Union.

145.   On at least one occasion within the past year, by example only and without limitation, Defendant Air Force Federal violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendant Trans Union about the inaccurate information.

146.   Upon information and belief, Defendant Air Force Federal was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

147.   Defendant Air Force Federal's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Dispute.

148.   As a direct and proximate result of Defendant Air Force Federal's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

149.   Defendant Air Force Federal's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

150.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Air Force Federal, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 8
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Air Force Federal)

151.   Plaintiff incorporates the allegations regarding the Accounts and Defendant Air Force Federal in paragraphs ¶¶ 1-4, 8, 11-14, 21-26, and 132-150 by reference of this Complaint.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

152.   On at least one occasion within the past year, by example only and without limitation, Defendant Air Force Federal violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

153.   On one or more occasions within the past year, by example only and without limitation, Defendant Air Force Federal violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

154.   On one or more occasions within the past year, by example only and without limitation, Defendant Air Force Federal violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

155.   When Defendant Air Force Federal received notice of Plaintiff's disputes from Defendant Trans Union, Defendant Air Force Federal could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

156.   Defendant Air Force Federal would have discovered that the information it was reporting about Plaintiff was inaccurate and the Accounts were fraudulent if Defendant Air Force Federal had reviewed its own systems and previous communications with the Plaintiff.

157.   Defendant Air Force Federal's investigation was per se deficient by

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

reason of these failures in Defendant Air Force Federal's investigation of Plaintiff's Dispute.

158.   As a direct and proximate result of Defendant Air Force Federal's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss  of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of  rejection.

159.   Defendant   Air   Force   Federal's   actions   constitute   negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

160.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Air Force Federal awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT 9
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Florida Credit)

161.   Plaintiff incorporates the allegations regarding the Accounts and Defendant Florida Credit in paragraphs ¶¶ 1-4, 9, and 11-20 by reference of this Complaint.

162.   Defendant Florida Credit is a credit union.

163.   In or about December of 2022, Plaintiff checked his credit report and noticed that there was an inaccurate and fraudulent reporting from Defendant Florida Credit.

164.   In or about March of 2023, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendant Equifax by Defendant Florida Credit.

165.   In response to the Dispute, Defendant Equifax promptly and properly gave notice to Defendant Florida Credit of the Dispute in accordance with the FCRA.

166.   As of the filing of this complaint, the debt has continued to be verified by Defendant Florida Credit.

167.   Defendant Florida Credit is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

168.   On a date better known by Defendant Florida Credit, Defendant Equifax promptly and properly gave notice to Defendant Florida Credit of Plaintiff's Dispute in accordance with the FCRA.

169.   In response to the notices received from Defendant Equifax regarding Plaintiff's Dispute, Defendant Florida Credit did not and otherwise failed to conduct a reasonable investigation into the Florida Credit Accounts which is the subject of the Dispute.

170.   In response to receiving notice from Defendant Equifax regarding Plaintiff's Dispute, Defendant Florida Credit failed to correct and/or delete information it knew to be inaccurate and fraudulent and/or which Defendant Equifax could not otherwise verify.

171.   Instead of conducting a reasonable investigation, Defendant Florida Credit erroneously validated the Accounts and continued to report inaccurate and fraudulent information to Defendant Equifax.

172.   On at least one occasion within the past year, by example only and without limitation, Defendant Florida Credit violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

173.   On at least one occasion within the past year, by example only and without limitation, Defendant Florida Credit violated 15 U.S.C. § 1681s-2(b)(1)(B)

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

by failing to review all relevant information provided by the consumer reporting agency, Equifax.

174.   On at least one occasion within the past year, by example only and without limitation, Defendant Florida Credit violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendant Equifax about the inaccurate information.

175.   Upon information and belief, Defendant Florida Credit was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

176.   Defendant Florida Credit's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Dispute.

177.   As a direct and proximate result of Defendant Florida Credit's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

178.   Defendant Florida Credit's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as

punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

179.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Florida Credit, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 10
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Florida Credit)

180.   Plaintiff incorporates the allegations regarding the Accounts and Defendant Florida Credit in paragraphs ¶¶ 1-4, 9, 11-20, and 162-180 by reference of this Complaint.

181.   On at least one occasion within the past year, by example only and without limitation, Defendant Florida Credit violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

182.   On one or more occasions within the past year, by example only and without limitation, Defendant Florida Credit violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

183.   On one or more occasions within the past year, by example only and without limitation, Defendant Florida Credit violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

184.   When Defendant Florida Credit received notice of Plaintiff's disputes from Defendant Equifax, Defendant Florida Credit could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

185.   Defendant Florida Credit would have discovered that the information it was reporting about Plaintiff was inaccurate and the Accounts were fraudulent if Defendant Florida Credit had reviewed its own systems and previous communications with the Plaintiff.

186.   Defendant Florida Credit's investigation was per se deficient by reason of these failures in Defendant Florida Credit's investigation of Plaintiff's Dispute.

187.   As a direct and proximate result of Defendant Florida Credit's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss  of sleep; (v) reduction in credit score; and (vi) apprehensiveness to

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

apply for credit due to fear of rejection.

188.    Defendant Florida Credit's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

189.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Florida Credit awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 11
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant S & S Recovery)

190.    Plaintiff incorporates the allegations regarding the Accounts and Defendant S & S Recovery in paragraphs ¶¶ 1-4, 10-14, and 21-26 by reference of this Complaint.

191.    Defendant S & S Recovery is a debt collection company.

192.    In or about December of 2022, Plaintiff checked his credit report and noticed that there was an inaccurate and fraudulent reporting from Defendant S & S Recovery.

193.    In or about April of 2023, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendant Trans Union by Defendant S & S

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Recovery.

194.   In response to the Dispute, Defendant Trans Union promptly and properly gave notice to Defendant S & S Recovery of the Dispute in accordance with the FCRA.

195.   As of the filing of this complaint, the debt has continued to be verified by Defendant S & S Recovery.

196.   Defendant S & S Recovery is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

197.   On a date better known by Defendant S & S Recovery, Defendant Trans Union promptly and properly gave notice to Defendant S & S Recovery of Plaintiff's Dispute in accordance with the FCRA.

198.   In response to the notices received from Defendant Trans Union regarding Plaintiff's Dispute, Defendant S & S Recovery did not and otherwise failed to conduct a reasonable investigation into the S & S Recovery Account which is the subject of the Dispute.

199.   In response to receiving notice from Defendant Trans Union regarding Plaintiff's Dispute, Defendant S & S Recovery failed to correct and/or delete information it knew to be inaccurate and fraudulent and/or which Defendant Trans

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Union could not otherwise verify.

200.   Instead of conducting a reasonable investigation, Defendant S & S Recovery erroneously validated the Accounts and continued to report inaccurate and fraudulent information to Defendant Trans Union.

201.   On at least one occasion within the past year, by example only and without limitation, Defendant S & S Recovery violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

202.   On at least one occasion within the past year, by example only and without limitation, Defendant S & S Recovery violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Trans Union.

203.   On at least one occasion within the past year, by example only and without limitation, Defendant S & S Recovery violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendant Trans Union about the inaccurate information.

204.   Upon information and belief, Defendant S & S Recovery was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

205.   Defendant S & S Recovery's investigation was per se deficient by

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

reason of these failures in its investigation of Plaintiff's Dispute.

206.   As a direct and proximate result of Defendant S & S Recovery's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

207.   Defendant S & S Recovery's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

208.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant S & S Recovery, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT 12
## <u>NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>
(Against Defendant S & S Recovery)

209.   Plaintiff incorporates the allegations regarding the Accounts and Defendant S & S Recovery in paragraphs ¶¶ 1-4, 10-14, 21-26 and 190-208 by reference of this Complaint.

210.   On at least one occasion within the past year, by example only and without limitation, Defendant S & S Recovery violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

211.   On one or more occasions within the past year, by example only and without limitation, Defendant S & S Recovery violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

212.   On one or more occasions within the past year, by example only and without limitation, Defendant S & S Recovery violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

213.   When Defendant S & S Recovery received notice of Plaintiff's disputes from Defendant Trans Union, Defendant S & S Recovery could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

214.    Defendant S & S Recovery would have discovered that the information it was reporting about Plaintiff was inaccurate and the Accounts were fraudulent if Defendant S & S Recovery had reviewed its own systems and previous communications with the Plaintiff.

215.    Defendant S & S Recovery's investigation was per se deficient by reason of these failures in Defendant S & S Recovery's investigation of Plaintiff's Dispute.

216.    As a direct and proximate result of Defendant S & S Recovery's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss  of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of  rejection.

217.    Defendant  S  &  S  Recovery's  actions  constitute  negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

218.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

judgment against Defendant S & S Recovery awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: January 19, 2024

Respectfully Submitted,

 /s/ Jennifer G. Simil
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:  jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail:  jen@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax: 855-529-9540

*COUNSEL FOR PLAINTIFF*
